UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KENNETH GRABER,                    §
                                   §
   Plaintiff,                 §
                                   §
v.                                 §   CIVIL ACTION NO. 3:13-CV-2671-B
                                   §
STATE FARM LLOYDS,                 §
                                   §
   Defendant.                 §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant State Farm Lloyds' ("State Farm") Motion for Summary Judgment (doc. 51), filed February 6, 2015. For the reasons that follow, the Court concludes that the motion should be and hereby is **GRANTED in part** and **DENIED in part**.

## I.

## BACKGROUND

This cases arises over a dispute regarding State Farm's handling of Plaintiff's claim for wind and hail damage under a homeowners insurance policy. On or about June 15, 2012, Plaintiff filed a claim with State Farm under State Farm's Homeowners Policy (the "Policy") for damage that his house sustained during a recent hail storm. Doc. 54, Def.'s Ex. B, Boren Dec. ¶ 5, App. 53. Shortly after receiving notice of Plaintiff's claim, State Farm contacted Plaintiff to arrange an inspection of his home. Def.'s Ex. B-2, State Farm Activity File Notes Excerpts, App. 63–64. On July 17, 2012, a State Farm adjuster inspected Plaintiff's house and prepared an estimate to repair the hail damage that totaled $3,443.96, including $272.51 to replace damaged contents. *Id.* Based on this estimate, and after applying depreciation of $305.83 and accounting for Plaintiff's $2,681 deductible, State

Farm issued a payment to Plaintiff in the amount of $729.64. Def.'s Ex. B-1, Letter Enclosing Payment of Claim, App. 55–56.

Apparently unsatisfied with State Farm's initial estimate and payment, Plaintiff requested on August 1, 2012 that State Farm send a different adjuster to inspect his property. Def.'s Ex. B-2, App. 63. State Farm complied with Plaintiff's request and, on August 24, 2012, dispatched a new adjuster to complete an independent inspection of the damage to Plaintiff's home. Def.'s Ex. B-2, App. 61. The adjuster found damage to the flashing on the front porch that was not included in the original estimate. *Id.* Accordingly, on August 25, 2012, State Farm issued a supplemental payment to Plaintiff in the amount of $121.77. Def.'s App. 53, Ex. B, Boren Dec. ¶ 6.

Several months later, on March 20, 2013, State Farm received a DTPA demand letter from Plaintiff. Def.'s Ex. B-3, DTPA Demand Letter, App. 65–72. In response, State Farm inspected the house for a third time, but found no hail damage other than that previously included in State Farm's estimates. Def.'s Ex. B-2, App. 59. State Farm responded to Plaintiff's demand letter on April 17, 2013. Def.'s Ex. B-4, App. 73.

Plaintiff filed suit against State Farm on or about May 3, 2013 in the 134th Judicial District Court of Dallas County, asserting claims for breach of contract, breach of the common law, various violations of Chapter 541 of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA"), and violations of the prompt payment provisions set forth in Chapter 542 of the Texas Insurance Code. Doc. 2, App. to Def.'s Notice of Removal 2–23, Original Petition. State Farm removed the suit to this Court based on the Court's diversity jurisdiction. Doc. 1, Notice of Removal.

Thereafter, on February 14, 2014, Plaintiff demanded appraisal under the Policy and appointed an appraiser. Def.'s Ex. B-5, Letter Demand for Appraisal, App. 74. State Farm responded

to Plaintiff's demand on March 5, 2014 and appointed an appraiser of its own. Def.'s Ex. B-6, State Farm Letter Appointing Appraiser, App. 75. The two appraisers then agreed to the selection of an umpire. Def.'s Ex. B-7, Selection of Umpire Agmt., App. 76.

On September 30, 2014, the appraisers returned an appraisal award in the amount of $12,898.59 based on the replacement cost value of the damaged property. Def.'s Ex. B-8, Appraisal Award, App. 77–79. State Farm tendered payment of the award to Plaintiff on October 3, 2014, less the deductible and prior payments. Def.'s Ex. B-9, Letter Issuing Appraisal Award, App. 80–81. Consequently, State Farm now moves for summary judgment on the grounds that Plaintiff's invocation of the appraisal process and State Farm's timely payment of the appraisal award preclude Plaintiff's claims as a matter of law. Doc. 51, Mot. for Summ. J.; Doc. 52, Def.'s Br. in Support 1–2.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond

the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

State Farm moves for summary judgment on each of Plaintiff's claims for relief. First, State Farm moves for summary judgment on Plaintiff's breach of contract claim on the grounds that State Farm's payment of the appraisal award estops Plaintiff from maintaining a breach of contract claim. Def.'s Br. 6–7. Second, State Farm seeks summary judgment on Plaintiff's extra-contractual tort claims, asserting that these claims cannot stand when the breach of contract claim fails. Def.'s Br. 7–9. Finally, State Farm argues that it is entitled to summary judgment on Plaintiff's prompt payment claim because its full and timely payment of the appraisal award precludes an award of penalty interest under the Insurance Code's prompt payment provisions as a matter of law. Def.'s Br. 9–10. The Court addresses each of these requests for summary judgment, in turn, below.

A.    *Breach of Contract*

State Farm first moves for summary judgment on Plaintiff's breach of contract claim. To prevail on a breach of contract claim under Texas law, a plaintiff must prove: (1) there was a valid contract; (2) plaintiff performed his or her obligations under the contract; (3) defendant breached

the contract; and (4) plaintiff suffered damages as a result of defendant's breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). In his complaint, Plaintiff claims that State Farm breached the subject insurance policy "by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's property, as well as for related losses." Doc. 15, Second Amended Complaint ("SAC") ¶ 24. As evidence, Plaintiff points to the fact that the award returned by the appraiser was several multiples greater than the initial estimate prepared and paid by State Farm.[1] Pl.'s Resp. Br. 16, 20–22,

As State Farm correctly points out, however, it is well-settled under Texas law that the insured "may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract." *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 343 (Tex. App.—Corpus Christi 2004, pet. denied); *see also Scalise v. Allstate Texas Lloyds*, No. 7:13-CV-178, 2013 WL 6835248, at *5 (S.D. Tex. Dec. 20, 2013) (stating that "where the parties disagree on the amount of loss and submit to the contractual appraisal process to resolve that dispute, and the insurer pays all covered damages determined by the award, the insured may not then argue that the initial failure to pay those damages equates to a breach of the contract"); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. Civ. A. H-09-3479, 2011 WL 819491, at *3 (S.D. Tex. Mar. 2, 2011), *aff'd* 459 F. App'x 366 (5th Cir. 2012) (holding that "when an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts that payment, the

---

[1]It must be mentioned that Plaintiff's brief does not include a single citation to the record; alone grounds for granting State Farm's summary judgment motion and dismissing Plaintiff's claims. *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) (stating that the district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition). While the Court elects not to hold the Plaintiff accountable for his counsel's neglect of summary judgment procedures, the Court feels obliged to point out that such careless briefing wastes the already scarce resources of the court and disserves the client's interests.

insured is estopped by the appraisal award from maintaining a breach of contract claim against [the insurer]") (internal quotations and citations omitted); *Church on the Rock North v. Church Mut. Ins., Co.*, No. 3:10-CV-0975-L, 2013 WL 497879, at *6 (N.D. Tex. Feb. 11, 2013) (finding that estoppel applies where there is a binding and enforceable appraisal award, the insurer timely pays the award, and the insured accepts the payment). The reason for this defense is to prevent the insured from taking advantage of the binding appraisal process to determine the value of its claim and then, after the insurer fully pays the appraisal award, suing the insurer for its initial failure to pay. *Breshears*, 155 S.W.3d at 343 (observing that "an appraisal decision is intended 'to estop one party from contesting the issue of the value of damages in a suit on the insurance contract,'" not to facilitate this type of [contractual] liability") (quoting *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 253 (Tex. App.—Austin 2002, pet. abated). The defense applies with special force where, as here, "the contract [the insured] claim[s] is being breached provides for resolution of disputes through appraisal." *Id.*

In this case, the undisputed summary judgment evidence shows that Plaintiff invoked the appraisal provision under the Policy to determine the value of his claim. Def.'s Ex. B-5, App. 74. Both parties appointed appraisers who, in turn, appointed an umpire. *Id.* at App. 74; Ex. B-6, App. 76. On September 30, 2014, the appraisers returned an award of $12,898.59, based on the replacement cost value of Plaintiff's claim. *Id.* at 77–79. Three days later, on October 3, 2014, State Farm tendered payment of the award to Plaintiff in the amount of $9,638.69, after accounting for Plaintiff's deductible and prior payments. *Id.* at 80–81. Accordingly, Plaintiff is estopped from relying on the appraisal award to demonstrate that State Farm breached the Policy when it initially issued payment to Plaintiff for an amount less than the appraisal. *See Breshears*, 155 S.W.3d at 343.

Plaintiff does not contest that State Farm fully and timely paid the appraisal award. Rather,

in an attempt to avoid dismissal of his claim, Plaintiff makes a number of arguments for why his claim should survive despite State Farm's full and timely payment of the appraisal award. These arguments are unavailing.

First, Plaintiff argues that his case is distinguishable from *Breshears* and its progeny, because in those cases, the insured's claims were based solely on the insurer's failure to fully and promptly pay the claim, whereas Plaintiff is also claiming that State Farm breached the Policy by failing to reasonably investigate Plaintiff's claim. Doc. 59-1, Pl.'s Resp. Br. 15–16, 20–21. However, whether or not this is an accurate characterization of the relevant authority, this argument is unavailing because Plaintiff has failed to point to any provision of the subject policy that was breached by State Farm's purportedly unreasonable investigation or point to any evidence other than the appraisal award to support his claim.

Second, Plaintiff points out that, unlike the plaintiffs in *Breashears*, Plaintiff did not initially agree to unconditionally accept the insurer's initial estimate of his claim. Pl.'s Resp. Br. 19–20. As State Farm accurately observes, however, this is a distinction without a difference. Doc. 61, Def.'s Reply Br. 2. The fact that the plaintiffs in *Breshears* agreed to accept the insurer's initial estimate was immaterial to the court's decision in the case, as evidenced by the numerous cases since in which courts have applied the estoppel defense recognized in *Breshears* on facts similar to those present here. *See, e.g., Scalise*, 2013 WL 6835248, at *1, 5 (holding that insured was estopped from relying on appraisal award to establish insurer's breach of contract even though insured did not agree to unconditionally accept initial estimate); *Blum's Furniture*, 2011 WL 819491, at *1, 3 (same); *Church on the Rock North*, 2013 WL 497879, at *1–3, 6 (same).

Third, Plaintiff appears to argue that because courts are not required to abate litigation

pending the completion of the appraisal process, an appraisal award does not preclude the Court from adjudicating an insured's breach of contract claim. Pl.'s Resp. Br. 17–18. There is nothing inconsistent, however, with the Court's discretionary power to continue to adjudicate an insured's claims while appraisal is pending and the theory of estoppel raised by State Farm. A full and timely paid appraisal award merely bars the insured from using the difference in the amount of the appraisal award and the amount of the insurer's initial payment as evidence of the insurer's breach of contract; it does not prevent the insured from litigating his breach of contract claim using other evidence. *See Breshears*, 155 S.W.3d at 343. Here, however, Plaintiff has not pointed to any other evidence to establish State Farm's breach of the Policy.

Finally, Plaintiff contends that the estoppel defense recognized in *Breshears* conflicts with the Texas Supreme Court's decisions in *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404 (Tex. 2011) and *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2000). Pl.'s Resp. Br. 16–17. In *In re Allstate*, the Texas Supreme Court held that it was an abuse of discretion to refuse to enforce an appraisal provision in an insurance policy because appraisal was the parties' chosen "method by which to determine whether a breach has occurred" and denying such relief would "vitiate the defendants' ability to the defend the breach of contract claim." *In re Allstate*, 85 S.W.3d at 196. Like the court in *Scalise*, however, "the Court does not read this language as suggesting that the amount of an appraisal award determines breach, but as providing support for [State Farm's] position that the appraisal process provides an alternative means for determining whether damages have been undervalued." 2013 WL 6835248, at *4. "Thus, an insurer does not breach the insurance contract where, as here, it pays all damages determined by the appraisal." *Id.*

In sum, because Plaintiff is estopped from relying on the appraisal award to establish that

State Farm's initial failure to pay constituted a breach of contract and because Plaintiff has failed to identify or support any other breaches of the Policy, State Farm is entitled to summary judgment on Plaintiff's claim for breach of contract.

B.     *Extra-Contractual Tort Claims*

State Farm next seeks summary judgment on Plaintiff's extra-contractual tort claims, which include Plaintiff's claims for (1) breach of the common law duty of good faith and fair dealing, (2) violations of Section 541.160 of the Insurance Code and Section 17.50(a)(4) of the DTPA, and (3) violations of Section 541.161 of the Insurance Code and Sections 17.50(a)(1) and (3) of the DTPA. State Farm asserts that these claims cannot stand when the breach of contract claim fails. Def.'s Br. 7–9.

1.     Common Law Bad Faith Claim

Under Texas law, "[a]n insurer has a duty to deal fairly and in good faith with its insured in the processing and payment of claims." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995); *see also Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 425 (5th Cir. 2003). An insurer breaches its duty of good faith and fair dealing "if the insurer knew or should have known that it was reasonably clear that the claim was covered," but nevertheless denied or unreasonably delayed paying it. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997).

However, while independent of any claim for breach of contract, absent a breach of contract, the insured cannot maintain a common law bad faith claim in Texas unless the insurer "commit[s] some act, so extreme, that would cause injury independent of the policy claim" or "fails to timely investigate the insured's claim." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *see also Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (citing *Provident American Ins.*

*Co. v. Castaneda*, 988 S.W.2d 189, 198–99 (Tex. 1998). "Evidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998).

Plaintiff claims that State Farm breached the common law duty of good faith and fair dealing by failing to reasonably investigate and promptly pay Plaintiff's claim for damages. SAC ¶¶ 32, 36–44. Having failed to present any evidence of a breach of contract, however, Plaintiff must raise a genuine issue of material fact that State Farm "commit[ed] some act, so extreme, that would cause injury independent of the policy claim" or "fail[ed] to timely investigate [Plaintiff's] claim" to avoid summary judgment on his common law bad faith claim. Regarding the first exception, Plaintiff has provided no evidence of an act so extreme that it caused injury to Plaintiff independent of the Policy claim. Rather, Plaintiff merely points to the fact that all three of the adjusters State Farm sent to inspect Plaintiff's property and its appointed appraiser arrived at estimates significantly lower than the amount of loss determined at appraisal as evidence of State Farm's deficient investigation. Pl.'s Resp. Br. 16, 23. Courts have uniformly found, however, that such acts do not give rise to an independent injury where, as here, the parties agree to submit their dispute to appraisal and the insurer timely pays the resulting award. *See Scalise*, 2013 WL 6835248, at *7 (finding no independent injury where the plaintiff "made only those fairly routine allegations of a substandard (albeit timely) investigation and initial undervaluation of his covered claim, the entirety of which was timely paid upon issuance of the appraisal award"); *Mag-Dolphus*, 906 F. Supp. 2d 649–50 (holding that insurer's initial failure to properly value plaintiff's loss was not an act so extreme that it cause injury independent of plaintiff's policy claims, where insurer paid and plaintiff accepted an appraisal award); *see also Mid–Continent Cas. Ins. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 521 (5th Cir. 2013)

-10-

(observing that "in seventeen years since [Stoker ] appeared, no Texas court has yet held that recovery is available for an insurer's extreme act. . .").

Nor does the record indicate that the second exception, failure to timely investigate the insured's claim, applies here. The Texas Insurance Code requires insurers to, within fifteen business days of receiving notice of a claim, acknowledge receipt of the claim, commence any investigation of the claim, and request all items and forms "that the insurer reasonably believes, at that time, will be required from the claimant." Tex. Ins. Code § 542.055(a)(1)–(3). In this case, the undisputed summary judgment evidence shows that on June 20, 2012, three business days after Plaintiff submitted his notice of loss, a State Farm adjuster left Plaintiff a message about his claim. Def.'s App. 64. Four business days later (seven business days from receiving notice of the claim), a State Farm adjuster contacted Plaintiff to schedule an appointment to inspect the damage to Plaintiff's house. *Id.* at 63. Thus, State Farm both acknowledged receipt and commenced investigation of Plaintiff's claim within the fifteen-day window prescribed by the Insurance Code. Although State Farm conducted two subsequent investigations of Plaintiff's property on August 24, 2012 and March 20, 2013, the first was in response to Plaintiff's request for another inspection and the second in response to Plaintiff's DTPA demand letter. *Id.* at 59, 61. Plaintiff has not provided any authority to suggest that these subsequent investigations were untimely.

Because Plaintiff's breach of contract claim fails and Plaintiff has failed to show that State Farm caused him to suffer some injury independent of his policy claim or failed to timely investigate his claim, the Court concludes that State Farm is entitled to summary judgment on Plaintiff's common law bad faith claim.

    2.    <u>Statutory Bad Faith Claims</u>

An individual who has been damaged by "unfair methods of competition or unfair or deceptive acts or practices in the business of insurance" may also bring a cause of action under the Texas Insurance Code against the "person or persons engaging in such acts or practices." Tex. Ins. Code § 541.151 (formerly codified as Tex. Ins. Code, art. 21.21); *see Transitional Hosp. Corp. v. Blue Cross & Blue Shield of Tex., Inc.*, 164 F.3d 952, 955 (5th Cir. 1999); *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997); *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 382–83 (Tex. 2000).The prohibited conduct includes "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear" and "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code § 541.160(a)(2), (7). A violation of Chapter 541 of the Insurance Code is also a violation of the DTPA. Tex. Bus. & Comm. Code § 17.50(a); *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 135 (Tex. 1988); *Thrash v. State Farm Fire & Cas. Co.*, 992 F.2d 1354, 1357–58 & n.19 (5th Cir. 1993); *Kondos v. Allstate Texas Lloyds*, No. 1:03-CV-1440, 2005 WL 1004720, at *12 (E.D. Tex. Apr. 25, 2005). Claims under Section 541.060 of Insurance Code and Section 17.50(a)(4) of the DTPA "require the same predicate recovery as bad faith claims" and therefore are reviewed under the same standard. *Higginbotham*, 103 F.3d at 460; *see also Blum's Furniture Co.*, 2011 WL 819491, at *4.

Here, Plaintiff's claims under Section 541.060 of the Texas Insurance Code and Section 17.50(a)(4) of Texas Deceptive Trade Practices Act ("DTPA") are based on the same theory of liability as Plaintiff's common law bad faith claim (i.e., State Farm's failure to reasonably investigate and promptly pay Plaintiff's claim). SAC ¶¶ 36–44. As such, they fail for the same reason as Plaintiff's common law bad faith claim (i.e., Plaintiff's inability to present evidence of an independent

injury or untimely investigation).

3.    Other Insurance Code and DTPA Claims

In addition to his statutory bad faith claims, Plaintiff also seeks to hold State Farm liable under Section 541.061 of the Insurance Code and Section 17.50(a)(1) of the DTPA for misrepresenting to Plaintiff that the hail damage to his house would be covered under the Policy and that State Farm's adjusters were "unbiased." SAC ¶¶ 26–30, 37. Further, Plaintiff claims that State Farm violated section 17.50(a)(3) of the DTPA by initially attempting to deny or underpay Plaintiff's claim. *Id.* ¶ 31. In moving for summary judgment, State Farm assumes that Plaintiff's statutory misrepresentation claims are based on the same underlying theory of liability as his "statutory bad faith" claims under Section 541.060 of the Insurance Code and Section 17.50(a)(4) of the DTPA (i.e., unreasonable investigation of Plaintiff's claim) and, therefore, fail for the same reason (i.e., Plaintiff's failure to establish independent injury). Def.'s Br. 7–9. Contrary to State Farm's assertion, however, "Section 541.061 contemplates . . . situations where a carrier represents 'specific circumstances' which will be covered and subsequently denies coverage," whereas Section 541.060 targets unfair settlement practices in the insurance industry. *Effinger v. Cambridge Integrated Servs. Grp.*, 478 F. App'x 804, 807 (5th Cir. 2011); *see also U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir. 1994) (applying same standard to misrepresentation claim under the DTPA); *Scalise*, 2013 WL 6835248, at *8 (considering the insured's claims under section 541.060 of the Insurance Code and section 17.50(a)(4) of the DTPA separately from his claims under section 17.50(a)(1) of the DTPA). Accordingly, the Court concludes that State Farm has not met its summary judgment burden of showing that no genuine issue of fact exists or that it is entitled to judgment as a matter of law with regard to these claims.

-13-

C.      *Prompt Payment Claim*

Finally, State Farm moves for summary judgment on Plaintiff's claim for statutory interest under Chapter 542 of the Texas Insurance Code. Commonly referred to the Texas Prompt Payment of Claims Act ("TPPCA"), Chapter 542 of the Insurance Code establishes a series of procedural deadlines and requirements designed to facilitate the timely processing and payment of claims by insurers. Tex. Ins. Code §§ 542.051 *et seq.* (formerly codified as Tex. Ins. Code art. 21.55 § 1 *et seq.*). First, Section 542.055(a) of the TPPCA requires that within 15 days of receiving notice of a claim, "the insurer shall: (1) acknowledge receipt of the claim; (2) commence any investigation of the claim; and (3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant." Tex. Ins. Code § 542.055(a). Section 542.056(a) then provides that "an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss." *Id.* § 542.056(a). Finally, Section 542.058 requires the insurer to pay the claim within 60 days of "receiving all items, statements, and forms reasonably requested and required under Section 542.055" or else "pay damages . . . as provided by Section 542.060." *Id.* § 542.058(a). It is under 542.060(a) that "the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages" if "[the] insurer is liable for a claim under an insurance policy and is not in compliance with this subchapter." *Id.* § 542.060(a). The statute is to be "liberally construed to promote the prompt payment of insurance claims." *Id.* § 542.054.

To prevail on a claim under the TPPCA, the insured must demonstrate: "(1) a claim under

an insurance policy (2) for which the insurer is liable and (3) that the insurer has not followed one or more sections of [the TPPCA] with respect to the claim." *Wellisch*, 75 S.W.3d at 57 n.2 (citing *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001), *modified on other grounds*, 2001 WL 1412951, at *1 (Tex. June 21, 2001)). "The sole basis for finding liability under [the TPPCA], then, is that the requisite time has passed and the insurer was ultimately found liable for the claim." *Performance Autoplex II Ltd.*, 322 F.3d at 861. "A wrongful rejection of a claim may be considered a delay in payment for purposes of the 60-day rule and statutory damages. More specifically, if an insurer fails to pay a claim, it runs the risk of incurring this 18 percent statutory fee and reasonable attorney fees." *Higginbotham*, 103 F.3d at 461.

Here, the undisputed evidence shows that on June 15, 2012, State Farm received a claim under the Policy for hail damage to Plaintiff's home. Def.'s Ex. B, Decl. of Michelle Boren ¶ 5, App. 53. State Farm has never denied liability for this claim; only disputed the scope of the loss. Def.'s Ex. B-1, Letter Enclosing Payment of Claim, App. 55–56 ("State Farm® agrees there is covered damage caused by hail to the areas which we have itemized in out estimate."); Def.'s Ex. B-9, Letter Issuing Appraisal Payment, App. 80–81 ("According to the [appraisal] award, the cost to repair or replace those items of damage that State Farm has determined are covered by the Homeowners policy is $12,898.59."). The sole dispute, then, is whether State Farm violated any provisions of the TPPCA.

Plaintiff alleges that State Farm violated the TPPCA by delaying full payment of Plaintiff's claim until October 3, 2014, twenty-eight months after Plaintiff submitted his claim.[2] Pl.'s Resp. Br.

---

[2]Although the TPPCA also requires the insurer to timely acknowledge and accept or deny the insured's claim in writing, *see* Tex. Ins. Code §§ 542.055–56, Plaintiff has not asserted that State Farm violated these provisions of the TPPCA. Accordingly, the Court limits its analysis to whether State Farm violated the TPPCA's prompt payment provision. *See id.* § 542.058.

24. State Farm does not dispute that it did not pay Plaintiff's claim in full until October 3, 2014, but argues that its full and timely payment of the appraisal award precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law. Def.'s Br. 9. As support for this proposition, State Farm cites *Mag-Dolphus, Inc.*, 906 F. Supp. 2d 642, 652 (S.D. Tex. 2012), the latest in a line of lower court cases recognizing such a defense to liability under the TPPCA. *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563–64 (Tex. App.—Houston [14th Dist.] 2010); *Amine v. Liberty Lloyds of Tex. Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477, at *4 (Tex. App.—Houston [1st Dist.] Aug. 9, 2007, no pet.); *Waterhill Cos. Ltd. v. Great Amer. Assur. Co.*, 2006 WL 696577, at *3 (S.D. Tex. Mar. 16, 2006); *Breshears*, 155 S.W.3d 340. A closer examination of the origins of this defense, however, reveals that it is without basis in the text of the TPPCA or the Texas Supreme Court and Fifth Circuit decisions construing the Act.

The first case to recognize a defense to TPPCA liability for the full and timely payment of an appraisal award was *Breshears,* 155 S.W.3d 340. In *Breshears*, the court was confronted with facts very similar to the facts in this case. The insurer timely issued payment of the insured's claim, which the insured deemed insufficient. *Id.* at 342. After the insured filed suit, the parties submitted their dispute to appraisal and the appraisers returned an award that exceeded the amount of the insurer's initial payment. *Id.* Although the insurer timely paid the appraisal award, the insured argued that due to the delay caused by the appraisal process, their claim was not actually paid until long after the sixty-day limit imposed by the TPPCA. *Id.* at 345. The court disagreed, concluding that the insurer's timely initial payment served to satisfy the requirements of the TPPCA. *Id.* Contrary to the suggestion of later cases and State Farm, however, the *Breshears* court did not hold that the insurer's full and timely payment of the appraisal award precluded the insured's claim for statutory interest

under the TPPCA. Rather, the court merely observed that "[t]he fact that the appraisal process was later invoked [did] not alter the fact that [the insurer] complied with the insurance code, and provided a reasonable payment within a reasonable time." *Id.*; *accord. Church on the Rock North v. Church Mut. Ins., Co.*, No. 3:10-CV-0975-L, 2013 WL 497879, at *10 (N.D. Tex. Feb. 11, 2013) ("With regard to statutory penalties, the *Breshears* court determined that the plaintiffs' claim failed, not because of the appraisal decision, but because the evidence established that two weeks after the plaintiffs filed a claim with State Farm for $23,735.92, State Farm 'sent the Breshears an estimate of $18,742.15 for the value of the work performed along with payment of $13,502.51 (the estimate less their deductible and some prior credits).'").

Moreover, to the extent that *Breshears* holds that an insurer's "reasonable payment" of a claim is sufficient to satisfy the TPPCA's prompt payment requirement, *Breshears* appears to run afoul of Fifth Circuit's rejection of a good faith defense to prompt payment liability in *Higginbotham*. *See* 103 F.3d at 461 (holding that an insurer's wrongful rejection of a claim may be considered a delay in payment for purposes of the TPPCA's 60-day rule and statutory damages, even if the insurer's denial was made in good faith); *see also Oram v. State Farm Lloyds*, 977 S.W.2d 163 (Tex. App.—Austin 1998, no pet.); *Cater v. United Servs. Auto. Ass'n*, 27 S.W.3d 81 (Tex. App.—San Antonio 2000, pet. denied). Although unlike the insurance company in *Higginbotham*, the insurer in *Breshears* did not wrongfully reject the insured's claim, the insurer was similarly attempting to avoid having to pay penalty interest by pointing to its reasonable (i.e., good faith), but nevertheless insufficient, payment of the claim. Such a "good faith" defense is contrary to the intent of *Higginbotham* to hold insurer's strictly liable for their failure to promptly pay insurer's claims where

liability has been established.[3] *See also McFarland v. Franklin Life Ins. Co.*, 416 S.W.2d 378, 379 (Tex. 1967) (observing that the prompt payment statute is "penal in nature and must be strictly construed."). It also conflicts with the Texas Supreme Court's decision to hold insurers who partially pay claims liable for penalty interest on the unpaid portions of those claim until they are fully paid. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427–428.

Given these issues regarding *Breshears*' true holding and its conflict with prevailing Texas Supreme Court and Fifth Circuit precedent, the Court concludes that State Farm's full and timely payment of the appraisal award does not preclude Plaintiff's claim for statutory interest under the TPPCA as a matter of law. Accordingly, State Farm's is not entitled to summary judgment on Plaintiff's prompt payment claim.

## IV.

## CONCLUSION

For the aforementioned reasons, the Court concludes that State Farm's Motion for Summary Judgment (doc. 51) should be and hereby is **GRANTED in part** and **DENIED in part**. Specifically,

---

[3] In *Amine*, another case holding that "a delay in payment pursuant to the appraisal process does not implicate [the TPPCA]" where the insurer makes timely initial payment of the claim, the court attempted to distinguish *Higginbotham* on the grounds "there was no appraisal award and the insurer was found liable on the claim." 2007 WL 2264477, at *5. The court concluded that the insurer's payment of the appraisal award in *Amine*, on the other hand, did not constitute a finding of liability as required to state a claim under the TPPCA and therefore the insurer could not be forced to pay the statutory penalty. *Id.* (noting that "[a]ppraisal does not resolve coverage issues").

The Court does not disagree that an insurer cannot held be liable for penalty interest absent liability for the underlying claim. *See Higginbotham*, 103 F.3d at 461. Nor does the Court hold that payment of an appraisal award automatically establishes an insurer's liability for the claim. In this case, however, State Farm acknowledged in writing that the appraisal award was for "the cost to repair or replace those items of damage that State Farm has determined *are covered by the Homeowners policy*." Def.'s Ex. B–9, App. 80–81 (emphasis added). Thus, the Court concludes that State Farm's liability for Plaintiff's claim in this case has been established, exposing State Farm to potential liability under the TPPCA.

the Court **GRANTS** State Farm's request for summary judgment with respect to Plaintiff's breach of contract, common law and statutory bad faith claims (i.e., Plaintiff's claims under Section 541.060 of the Insurance Code and Section 17.50(a)(4) of the DTPA), but **DENIES** State Farm's request as it pertains to Plaintiff's claims under Section 541.061 of the Insurance Code, Sections 17.50(a)(1) and (3) of the DTPA, and the TPPCA.

       SO ORDERED.

       SIGNED: June 15, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE